IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMRAN ALI, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:19-CV-1662-B-BH |
| | ) | |
| KEVIN McALEENAN, | ) | |
| Acting Secretary of the U.S. Department | ) | |
| of Homeland Security, et al., | ) | Referred to U.S. Magistrate Judge[1] |
| Respondents. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*, received on July 12, 2019 (doc. 1). Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

### I. BACKGROUND

Imran Ali (Petitioner) is a Pakistani national under a final order of removal detained at the Prairieland Detention Center in Alvarado, Texas, who challenged his continuing detention by petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See* doc. 1 at 2-3.)[2] The respondents are Kevin McAleenan, Marc J. Moore, Jimmy Johnson, and Mark Morgan (Respondents).

At the time he filed his petition, Petitioner claimed that he had been detained almost 10 months, and that his continued detention violated 8 U.S.C. § 1231(a), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), as well as his constitutional rights to due process under the Fifth Amendment. (*See id.* at 3-4, 10-11.) He seeks an order finding that his continued detention unlawful and that he should be immediately released, or in the alternative, that the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

respondents provide proof that they are within three days securing his immediate removal from the country. (*See id*.)

On March 11, 2020, the Government filed a "Notice of Release," stating that the United States Immigration and Customs Enforcement (ICE) released Petitioner from ICE custody pending his removal on December 5, 2019. (*See* doc. 8.) Petitioner did not respond.

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, Petitioner claimed that his continued detention was unlawful under 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas*, because he had been detained for almost ten months based on a prior order of removal, beyond the presumptively reasonable period for post-removal detention. In *Zadvydas*, the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which

2

is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701.

It is now undisputed that Petitioner has been released from ICE custody under an order of supervision pending his removal, which is essentially the relief he requested. (*See* doc. 1 at 11; doc. 8.) Although the Fifth Circuit Court of Appeals has not specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, other circuits have so found. *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 174–75 (3rd Cir. 2012) (finding appeal moot where the petitioner's release during its pendency provided him the result he sought in his habeas petition and "forestalled any occasion for meaningful relief"); *Alvarez v. Conley*, 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered moot his appeal since his § 2241 petition only sought release from detention under *Zadvydas*). Districts courts in this circuit have likewise found that release moots a § 2241 petition challenging continued detention pending removal. *See Anh Nguyen v. Sessions*, No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) (finding that petitioner's release from custody left nothing for the court to remedy where he only challenged his continued detention); *Hechavarria v. Salinas*, No. 1:18-CV-00012, 2018 WL 1938040, at *2 (S.D. Tex. Mar. 13, 2018) (finding moot § 2241 petition challenging continued detention pending removal where petitioner had been released on supervision and had not identified any adverse collateral consequences that continued to restrict his liberty), *rec. adopted* 2018 WL 2013081 (S.D. Tex. Apr. 30, 2018); *Singh v. Mukasey*, No. 3:08-CV-2162-O, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009) (finding moot § 2241 petition

3

where only relief sought was release pending removal, and the petitioner had been released on supervision); *Caquias v. Dist. Dir. of Immigration and Customs Enforcement*, No. 3:08-CV-1808-D, 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2008) (same); *Arulov v. Bureau of Immigration and Customs Enforcement*, No. B-07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008) (finding moot § 2241 petition raising *Zadvydas* challenge to detention pending removal where petitioner had been released on supervision), *rec. adopted* by 2008 WL 11388558 (S.D. Tex. June 18, 2008).

Petitioner has not identified any additional adverse collateral consequences that continue to restrict his liberty. He has not challenged the conditions of his release. It appears that he has now received all of the relief that he sought, so his § 2241 petition is moot and should be dismissed.

## III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

**SIGNED this 23rd day of March, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5